IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEHM OIL COMPANY and GOLDEN OIL COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> TEXACO, INC., TEXACO REFINING AND MARKETING (EAST), INC. doing business as STAR ENTERPRISE-PARTNERSHIP, STAR ENTERPRISE PARTNERSHIP, CHEVRON CORPORATION, CHEVRONTEXACO CORPORATION, CHEVRON PRODUCTS COMPANY, CHEVRON USA INC., MOTIVA ENTERPRISES, LLC and SFM ENERGY, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   2:06-cv-785 |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration is a MOTION FOR TEMPORARY RESTRAINING ORDER, with brief in support (*Document Nos. 2 & 3*), filed by plaintiffs Kehm Oil Company and Golden Oil Company (collectively "Plaintiffs"). In response to the Motion, defendants Motiva Enterprises, LLC ("Motiva") and Texaco, Inc. have filed MOTIVA'S RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION and DEFENDANT TEXACO INC'S RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (*Document Nos. 12 & 17*). Plaintiffs have also filed their REPLY BRIEF (*Document No. 15*), as well as a REPLY TO TEXACO'S BRIEF (*Document No. 18*). The Court heard evidence and oral arguments on the Motion on June 28, 2006, and the Motion is now ripe for disposition.

### Standard of Review

This action arises under the federal Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. § 2801 *et seq*. The standard for the granting of a Temporary Restraining Order (TRO) or Preliminary Injunction (PI) under the PMPA is as follows:

>   (a)   the franchise has been terminated or the franchise has not been renewed;
>
>   (b)   there exists sufficiently serious questions going to the merits to make such questions a fair ground for litigation; and
>
>   (c)   the court determines on balance that the hardships imposed upon the franchisor by issuance of an injunction will be less than the hardship which will be imposed upon such franchisee if such relief is denied.

*Fink v. Amoco Corp.*, 55 F. Supp. 2d 350, 353 (W.D. Pa. 1999) (citation omitted).  However, if the franchisee has not timely moved for injunctive relief under the PMPA, the franchisee does not get the benefit of the "relaxed" standard recited above.  As explained by the United States Court of Appeals for the First Circuit:

> The PMPA offers a preliminary injunction standard to franchisees that is more forgiving than the common law standard, see id. § 2805(b)(2), but in order to take advantage of this more forgiving standard, the franchisee's request must be timely, see id.§ 2805(b)(4).  The timeliness of the franchisee's request for a preliminary injunction depends on the notice it received.  If a franchisee receives at least 90 days notice, then it has 90 days from the date of its receipt of the notice to file a preliminary injunction motion.  Id.§ 2805(b)(4)(A).  If a franchisee receives less than a 90-day notice, then it has 30 days from the date of the nonrenewal to file a preliminary injunction motion.  Id.§ 2805(b)(4)(C). ... In the absence of the more forgiving preliminary injunction standard described in the PMPA, courts would apply the common-law standard, which does not include any specific time limitations.

*Esso Standard Oil Co. (Puerto Rico) v. Monroig-Zayas*, 445 F.3d 13, 16-17 (1st Cir. 2006).

Motiva asserts that Plaintiffs were on notice of the non-renewal of their Texaco franchises due to the Chevron-Texaco merger *over four years ago*, to wit, by letter from Motiva dated February 4, 2002.  Motiva Response at 7-8 (citing Motiva exhs. 6 & 7).[1]  If so, the standard for granting a TRO would be the well-known common law standard:

>   (1)   a likelihood of success on the merits;

---

[1] Other exhibits attached to Motiva's Response reflect that Plaintiffs were formally reminded that their franchise rights were to terminate by letters dated February 2, 2006, March 24, 2006 and May 4, 2006.  Motiva response, exh. 9.  Like the letter dated February 4, 2002, the February 2, 2006 letter indicates that Motiva provided notice to Plaintiffs over 90 days prior to their June 22, 2006 filing of the Motion for Temporary Restraining Order.

(2)	that the movant will suffer irreparable harm if the injunction is denied;

(3)	that granting preliminary relief will not result in even greater harm to the nonmoving party; and

(4)	that the public interest favors such relief.

*KOS Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700 (3d Cir. 2004) (discussing the nearly identical requirements for a preliminary injunction under Fed.R.Civ.P. 65(a)). However, as explained below, the Court finds itself unable to grant Plaintiffs' Motion under either standard.

Discussion

A.	Motiva

With respect to Motiva, the Court finds that Plaintiffs have not demonstrated "sufficiently serious questions going to the merits to make such questions a fair ground for litigation ..." under 15 U.S.C. § 2805(b)(2)(A) (the PMPA statutory TRO standard), nor have they demonstrated a likelihood of success on the merits under the common law TRO standard. Although Plaintiffs have met their burden of proving nonrenewal of their franchise relationship with Motiva,[2] the Court finds, for the purpose of the instant Motion only, that Motiva has demonstrated "an event which is relevant to the franchise relationship and as a result of which termination of the franchise or nonrenewal of the franchise relationship is reasonable," specifically, the "loss of [Motiva's] right to grant the right to use the trademark which is the subject of the franchise ..." due to the Federal Trade Commission ("FTC") Order of January 2, 2002. 15 U.S.C. § 2802(c)(6). Motiva contends that their actions are conclusively presumed to be reasonable as a matter of law under this provision, Motiva's Response at 5, and their contention is supported by

---

[2] In an action under the PMPA, "the franchisee shall have the burden of proving the termination of the franchise or the nonrenewal of the franchise relationship," and "[t]he franchisor shall bear the burden of going forward with evidence to establish as an affirmative defense that such termination or nonrenewal was permitted under [the PMPA]." 15 U.S.C. § 2805(c).

3

*Russo v. Texaco, Inc.*, 808 F.2d 221 (2d Cir. 1986). Therefore, the Court must deny Plaintiffs' Motion as to Motiva.

B.   Texaco, Inc.

With respect to Texaco, Inc., the Court finds that Plaintiffs have not demonstrated the existence of a "franchise" or "franchise relationship" with Texaco, Inc. as those terms are defined by the PMPA, *see* 15 U.S.C. § 2801(1), (2). Therefore Plaintiffs have not demonstrated the first essential element of a TRO under the PMPA. Alternatively, and for the same reason, the Court finds that under the common law standard Plaintiffs have not demonstrated a likelihood of success on the merits.

The evidence presented at the hearing causes the Court to conclude that Plaintiffs do not have a franchise relationship with Texaco, Inc. Rather, Plaintiffs' only current franchise relationship is with Motiva, which expires on June 30, 2006.[3] Plaintiffs have presented evidence that they had hoped and expected that a new franchise relationship would be created with whichever entity held the right to license the Texaco brand, that they would continue to be merchants of Texaco products after June 30, 2006, and that their expectations were based on representations made by representatives of Texaco, Inc. Kehm declaration at ¶ 12-22. However, that evidence does not suffice to establish a "franchise" or "franchise relationship" under the PMPA.

Additionally, in their Reply to Texaco's Brief, Plaintiffs rely upon *Barnes v. Gulf Oil Corp.*, 795 F.2d 358 (4th Cir. 1986) for the proposition that "[a] franchisor cannot circumvent the

---

[3] At the hearing Motiva introduced an unsigned Settlement Agreement and Release between itself and plaintiff Golden Oil Company which presumably resolved a dispute "between Motiva Enterprises, LLC ... ('Franchisor') and Golden Oil Company ... ('Franchisee')." Motiva hrg. exh. 10. This document, along with Motiva's four "termination of franchise rights" letters to each plaintiff, clearly reflect that the only franchise relationships currently in existence are between Plaintiffs and Motiva. Motiva Response, exhs. 6, 7, 9. There are no documents in evidence which support a finding that a current franchise or franchise relationship exists between Plaintiffs and Texaco, Inc. or any other named Defendant.

protections the Act affords a franchisee by the simple expedient of assigning the franchisor's obligation to an assignee ...." Reply at unnumbered 1 (citing Barnes, 795 F.2d at 362). The Court acknowledges and agrees with that general proposition, but in this case, unlike *Barnes*, the Court discerns no evidence that the assignment of Texaco franchising rights to Motiva was conjured, contrived, improper or otherwise invalid under state or federal law. Instead, the evidence at this juncture indicates that the assignment of Texaco franchising rights to Motiva was legal pursuant to an FTC Order of January 2, 2002, and there is no credible evidence or argument that said Order is invalid or otherwise improper. *See, e.g.*, Motiva's response, exh. 5 at 20-21. Accordingly, although the Court is sympathetic to Plaintiffs' dilemma, the Court finds itself unable to grant the Motion for Temporary Restraining Order.

C.  The Remaining Defendants

The Court finds that Plaintiffs have not established any basis to issue a TRO as to the remaining defendants. Plaintiffs have simply not demonstrated that they have a franchise or franchise relationship with any of the remaining defendants, and therefore there is no basis for the issuance of a temporary restraining order under the PMPA.

Conclusion

For the foregoing reasons, the Court finds itself unable to grant the Motion for Temporary Restraining Order filed by Plaintiffs. An appropriate Order follows.

McVerry, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEHM OIL COMPANY and GOLDEN OIL COMPANY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| TEXACO, INC., TEXACO REFINING AND MARKETING (EAST), INC. doing business as STAR ENTERPRISE-PARTNERSHIP, STAR ENTERPRISE PARTNERSHIP, CHEVRON CORPORATION, CHEVRONTEXACO CORPORATION, CHEVRON PRODUCTS COMPANY, CHEVRON USA INC., MOTIVA ENTERPRISES, LLC and SFM ENERGY, LLC, | ) ) ) ) ) ) ) ) ) ) ) 2:06-cv-785 |
| Defendants. | ) |

## ORDER OF COURT

AND NOW, this 30th day of June, 2006, in accordance with the foregoing Memorandum Opinion it is hereby ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion for Temporary Restraining Order is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:    Ansley S. Westbrook II, Esquire
Email: awestbrook@rlmlawfirm.com

Dennis St. John Mulvihill, Esquire
Email: dmulvihill@rlmlawfirm.com

Thomas J. Farnan, Esquire
Email: tfarnan@rlmlawfirm.com

Eric L. Horne, Esquire
Email: ehorne@eckertseamans.com

Matthew E. Coveler, Esquire/**VIA REGULAR U.S. MAIL AND FAX: 713/ 425-7373**
Samuel Stubbs, Esquire
Pillsbury Winthrop Shaw Pittman, LLP
2 Houston Center, 909 Fannin, Suite 2200
Houston, TX 77010

Rosemary C. Crawford, Esquire
Email: crawfordmcdonald@aol.com

David M. Rodi, Esquire/**VIA REGULAR U.S. MAIL AND FAX: 713/ 229-7839 or 713/ 229-1522**
Baker Botts, LLP
910 Louisianna Street
Houston, TX 77002